UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAUDIA CROFT and SHEER DELIGHT, INC.,

 Plaintiffs,

v.                CASE NO: 8:09-cv-863-T-26MAP

BE WILD, INC., BWILD, INC., and
BRIAN COHEN,

 Defendants.
_____/

**O R D E R**

 Before the Court is Defendants' Motion for Summary Judgment, Statement of Undisputed Facts, and various exhibits (Dkts. 33, 35 & 36), and Plaintiffs' Response in Opposition and the affidavit of Claudia Croft. (Dkt. 38). After careful consideration of the motion and the file, the Court concludes that the motion should be denied.

 In this action based in part on patent, trademark, and copyright infringement arising from the purported sale of an imitation product allegedly covered by the patent-in-suit, Defendants seek summary judgment on two grounds: (1) only one Plaintiff is the proper party for each claim and (2) Plaintiffs cannot prove damages. First, as to whether one or both Plaintiffs is the proper party on each of the claims, the Court finds a genuine issue of material fact exists. Plaintiffs posit that because Plaintiff Sheer Delight, Inc., is a sub-chapter S corporation with Plaintiff Claudia Croft as its sole owner, the profits are

attributable, or passed through, as income to Croft. Croft's affidavit avers that the intent of Croft as the patent owner was that Sheer Delight, Inc., would be the only licensee of the patent-in-suit. These submissions are sufficient to avoid summary judgment on the issue of implied exclusive licensees of patents and trademarks and legal or beneficial owners and exclusive licensees of a copyright.

With respect to the second argument regarding the absence of any actual damages, the issue of damages is best left for trial on the merits. Plaintiffs submitted some modicum of evidence of damages to avoid summary judgment. Although proof of actual damages need not necessarily be presented at the summary judgment stage,[1] evidence of the amount of damages will be required at trial.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (Dkt. 33) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on October 7, 2010.

                                 s/*Richard A. Lazzara*
                                 **RICHARD A. LAZZARA**
                                 **UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[1] See <u>May v. Nygard Holdings, Ltd.</u>, 203 Fed. Appx. 949 (11th Cir. 2006) (unpublished) (noting that plaintiff generally has no obligation to present proof of damages at summary judgment stage absent argument that no damages resulted from alleged claim).